| **Fill in this information to identify your case:** |
|---|
| Debtor 1     Kristie Cabe Davis |
| United States Bankruptcy Court for the:  District of South Carolina |
| Case number   19-01063 |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐   Pre-confirmation modification

☐   Post-confirmation modification

_____

_____

_____

_____

## District of South Carolina

# Chapter 13 Plan                                                                                             12/17

### Part 1:  Notices

**To Debtors:**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**   Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | x Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | x Included | ☐ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | x Not included |

### Part 2:  Plan Payments and Length of Plan

2.1   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

Debtor _____    Case Number __19-01063__

<u>$525 per month for 60 months</u>

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☒ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):_____.

**2.3 Income tax refunds.**

*Check one.*

- ☒ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income tax refunds as follows:

_____

_____

**2.4 Additional payments.**

*Check one.*

- ☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

☒ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

Debtor _____    Case Number  19-01063

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Nationstar Mortgage, LLC dba Mr. Cooper | 300 Creighton Dr. Taylors, SC | $13,000 Includes amounts accrued through the March 2019 payment | 0% | $260 (or more) |

3.2   **Request for valuation of security and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3   **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒   The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| OneMain Financial | 2008 Infinity G35 | $5,988 | 6.00% | $149 (or more) Disbursed by ☒ Trustee ☐ Debtor |

3.4   **Lien avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒   The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| | | | | | | |

Debtor _____    Case Number _19-01063_

| | | | | | | |
|---|---|---|---|---|---|---|
| Quick Credit | $335 | $0 | $1,000 S.C. Code Ann. § 15-41-30(A)(3) ~Household furnishings and goods, wearing apparel, appliances, books, animals, crops, or musical instruments | $1,000 | None | All |
| Southern Finance | $450 | $0 | $1,000 S.C. Code Ann. § 15-41-30(A)(3) ~Household furnishings and goods, wearing apparel, appliances, books, animals, crops, or musical instruments | $1,000 | None | All |

3.5 **Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

4.1 **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

4.3 **Attorney's fees**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held intrust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

4.4 **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☒ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim

Debtor _____    Case Number _19-01063_

without further amendment of the plan.

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

☒ None.

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☐ The debtor estimates payments of less than 100% of claims.
☒ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ None. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.** *Check one.*

☒ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☒ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor as stated below:

*Check the applicable box:*

☒    Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐    **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☐ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

Debtor _____    Case Number _19-01063_

1. **PPH Mortgage Corp (HUD) - No payments due so long as the debtor continues to live in the house.  SC Housing Corp will receive no disbursements from the trustee.**

2. **OneMain Financial (2006 Toyota Tundra, ½ interest) – The non-filing co-debtor will pay the contractual car payment outside the plan.**

## Part 9: Signature(s)

9.1 Signatures of the debtor and the debtor's attorney

*The debtor and the attorney for the debtor, if any, must sign below.*

✗ /s/ Kristie Cabe Davis                              ✗ _____
Signature of Debtor 1                                       Signature of Debtor 2

Executed on __2/22/2019__                          Executed on _____
          MM / DD / YYYY                                          MM /DD / YYYY


✗ /s/ Sidney Wike                                       Date  __3/8/2018__
Signature of Attorney for the debtor    DCID #6729           MM/DD/ YYYY

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.


## CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date.  The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-7<br>Case 19-01063-hb<br>District of South Carolina<br>Spartanburg<br>Mon Feb 25 15:56:21 EST 2019 | AT&T/U-Verse<br>c/o Bankruptcy<br>4331 Communications Drive<br>Floor 4-W<br>Dallas TX 75211-1300 | Credit Collection Services<br>Attn: Bankruptcy<br>725 Canton St<br>Norwood MA 02062-2679 |
| Kristie Cabe Davis<br>300 Creighton Drive<br>Taylors, SC 29687-3618 | Direct TV<br>c/o Bankruptcy<br>4331 Communications Drive<br>Floor 4-W<br>Dallas TX 75211-1300 | Diversified Consultants, Inc.<br>Attn: Bankruptcy<br>Po Box 551268<br>Jacksonville FL 32255-1268 |
| ERC/Enhanced Recovery Corp<br>Attn: Bankruptcy<br>8014 Bayberry Road<br>Jacksonville FL 32256-7412 | Greenville County Tax Collector<br>301 University Ridge #700<br>Greenville SC 29601-3659 | Gretchen D. Holland<br>Ch. 13 Trustee Office<br>20 Roper Corners Circle, Suite C<br>Greenville, SC 29615-4889 |
| I C System Inc<br>Attn: Bankruptcy<br>Po Box 64378<br>St Paul MN 55164-0378 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Jefferson Capital Systems, LLC<br>Po Box 1999<br>Saint Cloud MN 56302 | Nationstar Mortgage, LLC dba Mr. Cooper<br>Attn: Bankruptcy<br>8950 Cypress Waters Blvd<br>Coppell TX 75019-4620 | Nationstar Mtg dba Mr. Cooper<br>c/o Scott & Corley, PA<br>27123 Middleton Driver Ste 200<br>Columbia SC 29204 |
| OneMain Financial<br>Attn: Bankruptcy<br>601 Nw 2nd Street<br>Evansville IN 47708-1013 | PPH Mortgage Corp (HUD)<br>PO Box 5449<br>Mount Laurel NJ 08054-5449 | PRISMA Health (Greenville Health System)<br>Attn: Bankruptcy<br>255 Enterprise Boulevard, Ste 210<br>Greenville SC 29615-3556 |
| Quick Credit<br>150 Executive Center Drive<br>Greenville SC 29615-4505 | RSi East<br>Attn: Bankruptcy<br>1325 Garner Lane Ste C<br>Columbia SC 29210-8327 | Richard Davis<br>300 Creighton Dr.<br>Taylors SC 29687-3618 |
| Safeco Insurance Company<br>220 N Main St suite 500<br>Greenville SC 29601-2129 | Secretary of Housing & Urban Development<br>1835 Assembly St. #909<br>Columbia SC 29201-2448 | South Carolina Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 |
| Southern Finance<br>1038 N Pleasantburg Dr<br>Greenville SC 29607-1629 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St.<br>Suite 953<br>Columbia, SC 29201-2448 | US Attorney for Housing & Urban Devel.<br>c/o A. Lance Crick, Esquire<br>55 Beattie Place Ste 700<br>Greenville SC 29601-2168 |
| US Attorney for SC for IRS<br>Attn.George Conits, Attorney<br>55 Beattie Place Suite #700<br>Greenville SC 29601-2168 | US Atty General Civil Div<br>US Dept of Justice, Bankruptcy<br>Washington DC 20530-0001 | Verizon Wireless<br>500 Technology Dr.<br>Suite 550<br>Saint Charles MO 63304-2225 |

Sidney Wike
311 Pettigru St.
Greenville, SC 29601-3112

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Insolvency Group 4
1835 Assembly Street
MDP 39
Columbia SC 29201

End of Label Matrix
Mailable recipients    30
Bypassed recipients     0
Total                  30